**CT Corporation**

**Service of Process Transmittal**
08/03/2010
CT Log Number 517049370

TO: Fran Kirley, Director
Nexion Health, Inc.
6937 Warfield Avenue
Sykesville, MD 21784

RE: **Process Served in Louisiana**

FOR: Nexion Health at Minden, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

TITLE OF ACTION: Johnnie Faye Price, individually and o/b/o the Estate of decedent, Birdia Smith, Pltf. vs. Nexion Health at Minden, Inc., etc., Dft.

DOCUMENT(S) SERVED: Citation, Petition

COURT/AGENCY: 26th Judicial District Court, Parish of Webster, LA
Case # 70599

NATURE OF ACTION: Medical Injury - Improper Care and Treatment - Pertaining to the dft. allegedly failing to provide timely and vigilant skin care and interventions.

ON WHOM PROCESS WAS SERVED: C T Corporation System, Baton Rouge, LA

DATE AND HOUR OF SERVICE: By Process Server on 08/03/2010 at 08:25

APPEARANCE OR ANSWER DUE: Within 15 days

ATTORNEY(S) / SENDER(S): Patrick R. Jackson
Patrick R. Jackson, APLC
4442 Viking Drive, Suite 100
Bossier City, LA 71111
318-752-3335

ACTION ITEMS: SOP Papers with Transmittal, via Fed Ex 2 Day, 798910642614

SIGNED: C T Corporation System
PER: Lisa Uttech
ADDRESS: 5615 Corporate Blvd
Suite 400B
Baton Rouge, LA 70808
TELEPHONE: 225-922-4490

Page 1 of 1 / RT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT A**

## CITATION

PRICE, JOHNNIE FAYE - ET AL

Versus

NEXION HEALTH AT MINDEN INC DBA - ET AL



Case: 00070599
Division: E
26th Judicial District Court
Parish of Webster
State of Louisiana

THE STATE OF LOUISIANA TO:
NEXION HEALTH AT MINDEN INC,
THROUGH ITS AGENT FOR SERVICE OF PROCESS
CT CORPORATION SYSTEM
5615 CORPORATE BOULEVARD SUITE 400B
BATON ROUGE, LA 70808

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation or to file your answer or other pleading to said petition in the office of the Clerk of the Twenty-Sixth Judicial District Court in the Webster Parish Court House in the city of Minden in said Parish within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS, the Honorable Judges of said court on July 29, 2010 at Minden, Louisiana.

_____
Deputy Clerk of Court for
Holli Vining, Clerk of Court

### Service Information

_____ Personal Service

_____ Domiciliary Service – Given to: _____

_____ No Service – Reason: _____

Service Fee   $_____
Mileage       $_____
Total         $_____

Date of Service         Deputy Sheriff         Parish

[SERVICE COPY]

| | |
|---|---|
| JOHNNIE FAYE PRICE, individually and on behalf of the ESTATE OF DECEDENT, BIRDIA SMITH | : SUIT NUMBER 105404 FILED AND FILED OF COURT 2010 JUL 26 A 11: 06 |
| VERSUS | : 26th JUDICIAL DISTRICT COURT |
| NEXION HEALTH AT MINDEN, INC., d/b/a MEADOWVIEW HEALTH AND REHABILITATION CENTER | : WEBSTER PARISH, LOUISIANA |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes JOHNNIE FAYE PRICE, a major domiciliary of Santa Clara County, California INDIVIDUALLY AND ON BEHALF OF DECEDENT, BIRDIA SMITH, hereinafter referred to as "Plaintiff", who, with respect represent:

1.

Made defendant herein is:

> NEXION HEALTH AT MINDEN, INC., a non-Louisiana business corporation d/b/a MEADOWVIEW HEALTH AND REHABILITATION CENTER, a nursing home licensed to do and doing business in the State of Louisiana, with its principal place of business in Webster Parish, which may be served through its agent for service of process, CT Corporation System, 5615 Corporate Boulevard Suite 400B, Baton Rouge, Louisiana 70808; hereinafter referred to as "Meadowview."

2.

Plaintiff shows that she is the biological children of decedent, BIRDIA SMITH, who died on September 22, 2007, and is the proper party to bring the instant suit.

3.

Plaintiff shows that the defendant herein is liable unto plaintiff for any and all damages as are reasonable in the premises.

4.

The amount of damages sought herein are sufficient to establish jurisdiction in this Court, and should include legal interest thereon from February 15, 2008, the date the request for the Medical Review Panel was submitted, until paid and for all costs of these proceedings.

5.

Plaintiff shows that a claim letter dated February 13, 2008, was filed against the defendant, Meadowview, and received by the Commissioner of Administration on February 15, 2008, pursuant to the Louisiana Medical Malpractice Act. Plaintiff shows that this matter was submitted in accordance with Louisiana law to a medical review panel who rendered an opinion that the defendant did not fail to comply with the appropriate standard of care as charged in the complaints by opinion dated on or about July 7, 2010.

6.

Plaintiff shows that Ms. Birdia Smith (hereinafter referred to as "Ms. Smith") was a ninety year old female at the time of her death, and was admitted to Meadowview on January 20, 2006. Plaintiff shows Ms. Smith's medical issues included a medical history of hypertension, dementia, severe peripheral vascular disease, cerebrovascular accident, urinary and bowel incontinence, and diabetes.

7.

Plaintiff further shows that Ms. Smith required assistance with activities of daily living, including, bathing, dressing, transferring, toilet use, hygiene, grooming, ambulation, bed mobility and transfers.

8.

Plaintiff shows that upon admission on January 20, 2006, Ms. Smith was assessed as at risk for skin breakdowns and pressure ulcers according to the Braden Skin Assessment Tool. As a result, recommendations were made for a pressure-relieving device for her bed due to fragility of her skin and her Braden scores, a recommendation that was ignored for many months to Ms. Smith's detriment.

9.

Plaintiff shows that Ms. Smith weighed 102.7 pounds upon her admission to Meadowview but was edentulous and had problems chewing and swallowing. She begins to steadily lose weight and receives dietary consults, a condition that records indicate could have been alleviated had Meadowview staff fed Ms. Smith on a regular

basis rather than leaving a tray in front of her and offering no assistance. Plaintiff further show that the failure of Meadowview to provide proper nutrition led to significant weight loss, dehydration, exacerbation of her diabetic condition, a failure to heal her decubitus ulcers, a decline in her mental condition and overall debility.

10.

Plaintiff shows that Ms. Smith sustained approximately 8 falls from December 5, 2006, through March 23, 2007, without Meadowview staff intervention or a change to her care plan despite being assessed upon admission as at risk for falls according to the Fall Risk Assessment tool due to her medical and physical condition, all of which resulted in unnecessary pain, a decline in her mobility and overall medical condition.

11.

Plaintiff shows that Meadowview failed to provide timely and vigilant skin care and interventions as written in its Plan of Care and the Braden Skin Analysis to prevent pressure ulcers from developing on Ms. Smith's feet and buttocks, resulting in the development of Stage II to Stage IV ulcers on her heels, feet, and buttocks which led to wound infections, pain and immobility, all of which resulted in sepsis, a decline in her medical condition, and ultimately her unnecessary death on September 20, 2007.

12.

Plaintiff shows that the failure of Meadowview to consistently monitor the progress of wound healing and allowing her to remain without a special surface on her bed contributed to the development of the aforementioned ulcers.

13.

Meadowview failed to insure appropriate incontinent care for Ms. Smith, a fact noted on more than one occasion by her family members. Plaintiff shows that Meadowview staff asked Ms. Smith rather than physically checking her condition despite having knowledge of her lack of mental capacity, and despite the importance of keeping her clean and dry.

14.

Plaintiff shows that due to the lack of proper medical care in attending to her

diabetes, Ms. Smith had a critical blood sugar level of 663 on September 10, 2007, and weighed 82.9 pounds, resulting in her admission to Minden Medical Center after days of being lethargic and unresponsive due to lack of appropriate nursing care that resulted in unnecessary suffering and contributed to her death on September 22, 2007.

15.

Plaintiff shows that Meadowview failed to implement or adhere to proper care plans for Ms. Smith's medical welfare, as evidenced by her frequent falls, her ulcers and diabetes.

16.

At all times pertinent hereto, Ms. Smith, was a patient under the care and treatment of defendant, Meadowview.

17.

Plaintiff shows the death of her mother, Birda Smith, was the direct and proximate cause by the defendant, Meadowview, by its negligence, fault and deviation from the standard of care on defendants' part, in the following non-exclusive ways:

a) Failure to provide timely and vigilant skin care and interventions;
b) Failure to consistently monitor the progress of wound healing and update the treatment plan and interventions in a timely manner;
c) Failure to insure appropriate incontinent care was provided;
d) Failure to accurately monitor and document dietary intake and provide nursing interventions for Ms. Smith's difficulty chewing and swallowing, and decreased nutritional intake;
e) Failure to keep accurate medical records that reflected changes in Ms. Smith's medical status;
f) Failure to complete an Event Occurrence Report along with an investigation and follow up of each of Ms. Smith's falls;
g) Failure to monitor and treat Ms. Smith's diabetes and allowing her to remain unresponsive without the appropriate nursing intervention;
h) Failure to properly care and treat Ms. Smith;
i) Failure to accurately and adequately monitor, assess, and intervene in a timely manner;
j) Failure to accurately document changes in Ms. Smith's condition;
k) Failure to appreciate the seriousness of Ms. Smith's condition;
l) Failure to administer the proper medical treatment consistent with the symptoms of Birdia Smith; and
m) Failing to administer proper medical treatment and other acts of negligence, fault and/or deviation from the standard of care, as will be shown at the trial of this matter.

18.

As a result of the negligence and deviation from the standard of care, plaintiff,

JOHNNIE FAYE PRICE, suffered the following, among other, non-exclusive injuries:

a) Loss of love and affection of her mother, Birdia Smith;
b) Mental pain, and anguish;
c) Emotional distress;
d) Loss of society;
e) Wrongful death of her mother;
f) Medical expenses;
g) Funeral expenses; and
n) Other damages known and unknown to be shown more specifically at trial on the merits and through discovery.

19.

As a result of the negligence and deviation from the standard of care, BIRDIA SMITH suffered physical pain and suffering, emotional pain and suffering and an untimely death.

20.

The aforestated actions of the defendant, Nexion Health at Minden, Inc. d/b/a Meadowview Nursing and Rehabilitation Center, fall below the medical standard of care and duty owed to plaintiff and plaintiff is entitled to be fully compensated for all losses, injuries, and damages which she has suffered as a result of the afore stated medical malpractice of defendants, Nexion Health at Minden, Inc. d/b/a Meadowview Nursing and Rehabilitation Center.

21.

At the time of the incident complained of herein the defendant, Nexion Health at Minden, Inc. d/b/a Meadowview Nursing and Rehabilitation Center, was an enrollee under Louisiana Revised Statute 1299.39, et seq., and maintained professional coverage for damages such as those sued for herein by plaintiffs.

32.

That it may be necessary for the plaintiffs to call expert witnesses on their behalf at the trial of this matter and that the fees of such expert witnesses should be assessed as costs herein and borne by the defendant.

WHEREFORE, PLAINTIFF, JOHNNIE FAYE PRICE, INDIVIDUALLY AND ON BEHALF OF DECEDENT, BIRDIA SMITH, prays that the defendant, NEXION HEALTH AT MINDEN D/B/A MEADOWVIEW NURSING AND REHABILITATION

CENTER, be duly served with a certified copy of the above and foregoing petition for damages and be cited to appear and answer same;

PLAINTIFF, JOHNNIE FAYE PRICE, INDIVIDUALLY AND ON BEHALF OF DECEDENT, BIRDIA SMITH, further prays that after due proceedings had that there be judgment in her favor and against the defendant, NEXION HEALTH AT MINDEN D/B/A MEADOWVIEW NURSING AND REHABILITATION CENTER CENTER, for a sum sufficient to compensate plaintiff for all losses, injuries and other damages which they have suffered as a result of the aforementioned malpractice by defendants with legal interest from the date that the request for the Medical Review Panel was made; until paid, and for all costs of these proceedings, including the fees of any expert witnesses that may be called to testify on behalf of the plaintiffs at the trial of this matter, and for all orders and decrees necessary and proper, considering the premises.

PLAINTIFF, JOHNNIE FAYE PRICE, INDIVIDUALLY AND ON BEHALF OF DECEDENT, BIRDIA SMITH, further prays for full, general and equitable relief.

Respectfully submitted,

Patrick R. Jackson
Patrick R. Jackson, APLC
Louisiana Bar No. 25722
4442 Viking Drive, Suite 100
Bossier City, Louisiana 71111
Telephone: (318) 752-3335
Facsimile: (318) 752-3315
ATTORNEY FOR PLAINTIFFS

**PLEASE SERVE**

NEXION HEALTH AT MINDEN, INC.
through its agent for service of process:
CT Corporation System
5615 Corporate Boulevard Suite 400B
Baton Rouge, Louisiana 70808